UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TIMOTHY J. BOHANNAN,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM GITTERE, *et. al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:21-cv-00059-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 29] |

This case involves a civil rights action filed by Plaintiff Timothy Bohannan ("Bohannan") against Defendant Robert Parker ("Parker"). Currently pending before the Court is Parker's motion for summary judgment. (ECF Nos. 29, 30, 33.)[2] Bohannan responded, (ECF No. 34), and Parker replied, (ECF No. 35). For the reasons stated below, the Court recommends that Parker's motion for summary judgment, (ECF No. 29), be granted.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Bohannan is a former inmate in the custody of the Nevada Department of Corrections ("NDOC") and sues for events that occurred while he was housed at the Ely State Prison ("ESP"). (ECF Nos. 8, 9.) On January 25, 2021, proceeding *pro se*, Bohannan filed an inmate civil rights complaint pursuant to 42 U.S.C. § 1983, ("Complaint"). (ECF No. 11.)

///

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]     ECF No. 20 is a manual filed CD with video of the incident. ECF No. 33 is an erratum to the motion for summary judgment, which consists of authenticating declarations.

1        Bohannan's Complaint alleges the following: On March 30, 2020, Defendant Parker
2 told Bohannan to get into the back of a recreational maintenance vehicle ("Gator"). (ECF
3 No. 11 at 6.) There were no seatbelts in the bed of the Gator, and Gators are not
4 manufactured to transport people. (*Id.*) Parker drove the Gator into a cement wall at a high
5 speed, injuring Bohannan's shoulder. (*Id.*)

6        After the accident, Bohannan sought medical treatment, and Bohannan had an x-
7 ray on April 2, 2020, at an outside hospital. (*Id.*) Bohannan was seen on June 9, 2020,
8 and Bohannan was told that he would be scheduled for an MRI. (*Id.*) In October 2020, an
9 outside specialist told Bohannan that he needed a total shoulder replacement surgery.
10 (*Id.*) Bohannan now suffers from immense pain in his left arm, and Bohannan cannot use
11 his left arm to push, pull, or lift anything without serious pain in his shoulder. (*Id.* at 3.)

12        The Complaint was screened in accordance with 28 U.S.C. § 1915A(a). (ECF No.
13 10.) Based on these allegations, the Court allowed Bohannan to proceed on a single
14 Eighth Amendment conditions of confinement claim. (*Id.*) Specifically, the Court found that
15 at the preliminary screening stage, allegations that Parker knew there were no seatbelts
16 in the bed of the Gator, and Gators are not intended to transport people, Parker then drove
17 the Gator around the prison at a high rate of speed until he crashed into a cement wall,
18 were sufficient to state a colorable conditions of confinement claim. (*Id.* at 5.) The Court
19 granted Bohannan leave to file an amended complaint related to other allegations. (*Id*. at
20 7.) Bohannan did not file an amended complaint, and thus his original Complaint and the
21 single Eighth Amendment conditions of confinement claim proceeded against Defendant
22 Parker. (ECF No. 12.)

23        In support of his motion for summary judgment, Defendant Parker submitted a
24 declaration, which states as follows: Defendant Parker is currently employed as a
25 Maintenance Repair Worker II at ESP and was employed as a Maintenance Worker III at
26 ESP at the time of Bohannan's Complaint. (ECF No. 29-1.) On March 30, 2020, Parker
27 was the driver of the recreational maintenance vehicle ("Gator") as alleged in the
28 Complaint. (*Id.*) Parker did not order Bohannan into the back of the Gator. (*Id.*) Parker was

not driving the Gator at a high rate of speed. (*Id.*) While driving the Gator, upon return to the B Dock at ESP, the brakes failed and the Gator throttled up in speed, which Parker was unaware would happen. (*Id.*)

Parker also submitted a video of the incident in question. (ECF No. 30.) The Court has reviewed the video, which depicts a Gator with three occupants, presumably Parker driving the Gator, an unknown person riding in the front passenger side, and another person, presumably Bohannan, riding in the bed of the Gator. The Gator is seen driving up to a loading dock, slowing down, and bumping into the cement wall. The passenger in the back of the Gator, presumably Bohannan, can be seen holding his left shoulder after the incident. From the time the Gator is seen entering the video, to the time it bumps into the wall, 8 seconds lapse—from 0:00:06 to 0:00:14 on the video. Notably, later in the video another Gator is seen driving at a much faster rate of speed into the loading dock area. This driver appears in the video at 0:08:38 and parks his Gator by 0:08:42—only 4 seconds.

Bohannan submitted Grievance 2006310005 in relation to the incident at issue in the Complaint. (ECF No. 29-3.) According to the grievance responses, Bohannan was informed that he was not to ride in the Gator, and if offered a ride, he should refuse to do so. (*Id.* at 8, 12, 20.)

On June 21, 2023, Parker filed the instant motion for summary judgment arguing (1) there is no genuine dispute that Parker knew of and disregarded an excessive risk to Bohannan's safety, and (2) alternatively, Parker is entitled to qualified immunity. (ECF No. 29.)

## II.    LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242,

248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763

F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting

the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3). Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

## III.    DISCUSSION

Under the Eighth Amendment, prison conditions should not "involve the wanton and unnecessary infliction of pain" or be "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. MO Chapman*, 452 U.S. 337, 347 (1981). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

To establish a violation of these duties, the inmate must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *Farmer*, 511 U.S. at 834. Under the deliberate indifference standard, a violation of the Eighth Amendment is only found when an objective and subjective component are met. *See id.* at 834.

"[T]o satisfy the objective prong, it is enough for the inmate to demonstrate that he was exposed to a substantial risk of some range of serious harms; the harm he actually suffered need not have been the most likely result among this range of outcomes." *Id.* at 1076 (citing *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1193 (9th Cir. 2002)). It does not matter "whether a prisoner faces an excessive risk ... for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843.

The inmate must also satisfy the subjective element. This means that the prison official being sued must have known of and disregarded the risk to the inmate's safety. *Farmer*, 511 U.S. at 837. "Mere negligence is not sufficient to establish liability." *Frost v.*

*Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Further, a plaintiff "must also demonstrate that the defendants' actions were both an actual and proximate cause of their injuries." *Lemire v. California*, 726 F.3d 1062, 1074 (9th Cir. 2013) (citing *Conn v. City of Reno*, 591 F.3d 1081, 1098-1101 (9th Cir. 2010), *vacated by City of Reno, Nev. v. Conn*, 563 U.S. 915 (2011), *reinstated in relevant part* 658 F.3d 897 (9th Cir. 2011).

It is undisputed that Bohannan was in the back of a Gator when it crashed into a cement wall. The parties dispute however, whether Parker was driving recklessly at the time of the incident. The evidence before the Court shows that the incident at issue was an accident, rather than intentionally caused by Parker. Specifically, the video of the incident and Parker's declaration demonstrate Parker was not driving at a high rate of speed as Bohannan alleges but was attempting to come to a stop near the cement wall. (*See* ECF No. 30, ECF No. 29-1.) This is underscored by the video footage of another Gator arriving to the cement wall in 4 seconds, as opposed to the Gator transporting Bohannan, which arrived in 8 seconds. Additionally, the evidence demonstrates that Parker was not subjectively aware of the risk of the Gator's brakes failing. (*Id.*) Thus, there is no evidence Parker could have known of the risk of Bohannan suffering harm, much less that Parker disregarded that risk.

To the extent Bohannan's allegations are premised on unsafe conditions by riding in a vehicle without a seatbelt, several district courts have explicitly held that failing to provide a prisoner a seatbelt or to secure the same when provided during transport "does not, standing alone, give rise to a constitutional claim." *Jabbar v. Fischer*, 683 F.3d 54, 57–58 (2d Cir. 2012); *Simon v. Clements*, No. 2:15-cv-04925-JLS-PLA, 2016 WL 8729781, at *1 (C.D. Cal. June 10, 2016) ("The law is clear that inmates who are transported by correctional officers do not have a constitutional right to the use of seat belts."); *Jamison v. YC Parmia Ins. Grp.*, No. 2:14-cv-01710-GEB-KJN, 2015 WL 8276333, at *3 (E.D. Cal. Dec. 9, 2015), report and recommendation adopted, No. 2:14-cv-01710-GEB-KJN, 2016 WL 11447606 (E.D. Cal. Jan. 25, 2016); *see also Thomas v. Rodriguez*, No. 3:16-cv-02211-AJB-JMA, 2017 WL 3896738, at *3–4 (S.D. Cal. Sept. 6,

2017) (collecting cases where the lack of safety restraints for prisoners during transport without something more did not give rise to a claim of deliberate indifference).

For all of these reasons, Parker has met his burden on summary judgment as he has submitted admissible evidence establishing that he did not disregard a risk to Bohannan's safety. The burden now shifts to Bohannan to establish that a genuine issue of material fact actually exists. Bohannan must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co.*, 992 F.3d at 897. Bohannan does not submit evidence showing Parker knew of and disregarded a risk to his safety. Bohannan simply asserts that Parker was driving at a "higher rate of speed that is safe" and that Parker should have checked the vehicle for safety prior to driving it. (ECF No. 34 at 2.) Bohannan does not address the assertions in Parker's declarations, or the video footage of the incident. Thus, Bohannan has failed to meet his burden on summary judgment to show an issue of fact that Parker was deliberately indifferent to Bohannan's safety.

The Court notes that this incident does not rise to the level of a constitutional violation but is more accurately categorized as a state law tort claim for negligence. Notably, Bohannan's response even categorizes the incident as a "negligent tort." (*See* ECF No. 34 at 2.) However, it is well established that "[m]ere negligence is not sufficient to establish liability." *Frost*, 152 F.3d at 1128. Given all the above, the Court recommends that Parker's motion for summary judgment be granted.[3]

### IV.     CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Parker's motion for summary judgment, (ECF No. 29), be grant.

The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and

---

[3] Because the Court finds no constitutional violation occurred and recommends granting summary judgment on that basis, it need not address Parker's argument related to qualified immunity.

Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS RECOMMENDED** that Parker's motion for summary judgment, (ECF No. 29), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: August 30, 2023.

_____
UNITED STATES MAGISTRATE JUDGE