UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| TIMOTHY J. BOHANNON, | Case No. 3:21-cv-00059-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WILLIAM GITTERE, *et al.*, | |
| Defendants. | |

 *Pro se* Plaintiff Timothy Bohannon brought a civil rights action under 42 U.S.C. § 1983 against Defendant Robert Parker, as well as other now-dismissed defendants. (ECF Nos. 1-1, 10.) Parker later filed a motion for summary judgment ("Motion"). (ECF No. 29). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin, recommending that the Court grant Parker's Motion. (ECF No. 36.) To date, Bohannon has not filed an objection to the R&R. For this reason, and as explained below, the Court adopts the R&R, and will grant Parker's Motion.

 Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

 Here, Judge Baldwin recommends granting Parker's Motion. (ECF No. 26 at 8.) Bohannon's only remaining viable claim is an Eighth Amendment deliberate indifference to unsafe prison conditions claim against Parker. (ECF No. 10 at 4-5.) This claim arises from an incident in which Parker was driving a Gator utility vehicle that crashed into a cement wall. (ECF No. 10 at 3-4.) At the time of the crash, Bohannon sat in the back bed of the vehicle, which did not have any seat belts available. (ECF Nos. 10 at 3, 34 at 2.)

Judge Baldwin concluded that, because failure to provide a prisoner a seatbelt during transport does not on its own give rise to a constitutional claim of deliberate indifference, Bohannon must show something more, like reckless driving. (ECF No. 36 at 7-8.) The parties dispute whether Parker was driving recklessly at the time of the crash. (*Id.* at 7; ECF No. 34 at 1.) However, Parker submitted as an exhibit video footage of the collision, which demonstrated that Parker did not intentionally crash the Gator. (ECF Nos. 29-2, 36 at 7.) Nor was there evidence that Parker knew of the risk of the Gator's brakes failing. (ECF No. 36 at 7.) Accordingly, the burden shifted to Bohannon to establish a genuine issue of material fact—that is, a factual dispute regarding Parker's reckless driving or knowledge of the risk of brake failure. (*Id.* at 8.) As Bohannon has not shown any exists, Judge Baldwin recommends granting Parker's motion for summary judgment. (*Id.*)

The Court is satisfied that Judge Baldwin did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's R&R (ECF No. 36) is accepted and adopted in full.

It is further ordered that Defendant's motion for summary judgment (ECF No. 29) is granted.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 20th Day of October 2023.

    MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE